NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEIGUO LI, | No. 16-73581 |
| Petitioner, | Agency No. A089-752-480 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2019**
Pasadena, California

Before: KELLY,*** PAEZ, and BADE, Circuit Judges.

Weiguo Li, a citizen of the People's Republic of China, petitions for review

of a decision of the Board of Immigration Appeals' (BIA) order dismissing his

appeal from an immigration judge's (IJ) decision denying his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

asylum and withholding of removal. Li argues that the agency erred by determining that (1) he was not a credible witness and (2) documentary evidence other than his discredited testimony did not independently establish his eligibility for asylum and withholding of removal. Our jurisdiction arises under 8 U.S.C. § 1252 and we deny the petition.

We evaluate administrative factual findings, including adverse credibility determinations, for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This standard is "very deferential" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Garcia*, 749 F.3d at 789 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Gu v. Gonzalez*, 454 F.3d 1014, 1018 (9th Cir. 2006) (recognizing that review of the BIA's determinations is "highly deferential").

Substantial evidence supports the agency's conclusion that Li was not a credible witness. This conclusion was based on Li's "inconsistent, implausible and evasive testimony on key points." The IJ found, and the BIA affirmed, that there were several non-trivial inconsistencies within Li's testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1044–46 (9th Cir. 2010). The IJ also carefully considered and rejected Li's explanations for these inconsistencies and stated his reasons for

doing so.  The IJ was required to consider and respond to, but not to accept, these explanations.  *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009).

Substantial evidence also supported the agency's determination that Li's documentary evidence did not independently establish his eligibility for asylum. To prove eligibility, an applicant bears the burden of proving past persecution or a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b); *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006).  Where the IJ has determined that an applicant is not a credible witness, the burden of proving eligibility for asylum may still be met by other "evidence of record."  8 U.S.C. § 1158(b)(1)(B)(ii).

The evidence of record presented significant problems of authentication. Many of the documents could only be authenticated by Li's testimony, which the IJ declined to accept because he had already determined Li not to be a credible witness.  Letters from family members were unauthenticated and the purported authors were not available for cross-examination.  Li also refused to authenticate documents with the American consulate in China.  Under these circumstances, the IJ did not err by finding that the evidence did not independently establish Li's eligibility for asylum.

PETITION FOR REVIEW DENIED.

16-73581